**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____

|  |  |  |
|---|---|---|
| | ) | |
| OXFAM AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-cv-13648 |
| | ) | |
| UNITED STATES SECURITIES AND | ) | |
| EXCHANGE COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |

_____)

## NOTICE OF PROPOSED EXPEDITED RULEMAKING SCHEDULE

On September 2, 2015, the Court directed that defendant Securities and Exchange

Commission "file with the Court in 30 days an expedited schedule for promulgating the final

rule" required by Section 13(q) of the Securities Exchange Act of 1934.  Pursuant to the Court's

order, the Commission proposes to hold a vote on the adoption of a final rule within 270 days of

this submission (*i.e.*, on or before June 27, 2016).[1]  In accordance with this proposed schedule,

the Commission anticipates holding a vote on a proposed rule before the end of this year, and to

afford members of the public a comment period thereafter of at least 45 days.  Plaintiff Oxfam

America, Inc. has been advised of this proposed schedule.

In submitting this proposed schedule, the Commission wishes to advise the Court of

several matters.  *First*, the 270-day schedule that the Commission is proposing is an extremely

expedited timeframe within which to complete this rulemaking.  In addition to requiring that the

---

[1]      *See generally* Securities Exchange Act of 1934, § 13(q)(2)(A), 15 U.S.C.
§ 78m(q)(2)(A)  (providing a 270-day period to issue final rules under Section 13(q)).

Commission complete and issue a proposed rule and provide an appropriate time period for

public comment, the Commission within the 270-day period will be required to analyze those

public comments, complete a draft final rule that responds to the comments, and hold a vote on a

final rule.  Under any circumstances this would be a demanding rulemaking schedule, but it is

particularly so here because, as the Commission  detailed in its summary judgment filings, it  has

been—and continues to be—engaged in an unprecedented volume of enforcement, rulemaking,

and other regulatory work.  And, of course, the rulemaking required under Section 13(q) is one

that raises a number of difficult policy issues that have consistently involved sharp disagreement

among members of the public, which further complicates the task of completing the rulemaking

on an expedited basis.[2]

*Second*, because adoption of any rule will require a majority vote of the participating

Commissioners, the Commission cannot guarantee that a final rule will be adopted when it holds

a vote.  It is particularly difficult at this juncture to commit to adoption of a final rule during the

proposed June 2016 Commission vote because the Commission's composition will likely change

to a significant degree before that time.[3]

*Finally*, exigencies may arise during the rulemaking (*e.g.*, a government shut-down,

further relevant international developments, unexpected relevant legal developments) that may

make it impracticable for the Commission to complete the rulemaking in a manner that is

---

[2]     In light of the Commission's demanding workload—much of which is Congressionally
mandated—and the complexities involved with this rulemaking, the Commission continues to
believe that the multi-factor analysis of *Telecommunications Research & Action Center v. FCC*,
750 F.2d 70 (D.C. Cir. 1984), is the appropriate framework to apply in determining whether
injunctive relief is warranted under Section 706(1) of the Administrative Procedure Act.

[3]     *See*, *e.g.*, http://www.sec.gov/news/statement/commissioner-gallagher-statement-
090415.html (announcing October 2, 2015 as the date for Commissioner Gallagher to leave the
Commission).

consistent with the Administrative Procedure Act within the 270-day period.  If this should

occur, the Commission will promptly notify the Court and seek an appropriate extension of time

to complete the rulemaking.  That said, if this Court adopts the proposed expedited schedule, the

Commission will in good faith strive to complete the rulemaking within the 270-day period.

Accordingly, the Commission respectfully requests that the Court adopt its proposed

expedited rulemaking schedule pursuant to which the Commission will hold a vote on the

adoption of a final rule within 270 days of this submission.

Dated: October 2, 2015 Respectfully submitted,

   /s/   Thomas J. Karr        .
THOMAS J. KARR
KRISTIN S. MACKERT

Office of the General Counsel
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549-9612
202-551-5163
karrt@sec.gov

*Counsel for Defendant United States*
*Securities and Exchange Commission*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2015, I electronically filed the foregoing

document with the Clerk of the Court using the CM/ECF System, which will send notice of such

filing to counsel of record registered to receive notice of electronic filings, and that I served

paper copies via U.S. Mail on:

Michelle Harrison
EarthRights International
1612 K St. NW
Suite 401
Washington, DC 20006

         /s/   Thomas J. Karr